UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R&R PROPANE, LLC, LAURA BORMAN, and RICHARD BORMAN, <br><br> Plaintiffs, <br><br> v. <br><br> BILL ANGLIN and ROGER ANDERSON d/b/a ANDERSON'S AUTO SALES, <br><br> Defendants. | Case No. 4:16-CV-01251-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Set Aside Judgment and Settlement Agreement filed by attorney Joshua M. Avigad on behalf of Plaintiff R&R Propane, LLC (Doc. 46). The matter is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 9). For the following reasons, the Court will **DENY** the Motion to Set Aside Judgment and Settlement Agreement.

### I. Background

On June 21, 2016, Plaintiffs R&R Propane, LLC ("R&R"), Laura Borman, and Richard Borman (collectively the "Bormans") filed a petition in the Twenty-Third Judicial Circuit, Jefferson County against Defendant Bill Anglin ("Anglin") and his employer Defendant Roger Anderson ("Anderson") doing business as Anderson's Auto Sales for negligence (Doc. 2). The petition arises from an accident that occurred on November 10, 2011 when a 1993 International Harvester operated by Anglin rolled into a 30,000 gallon propane storage tank located on Plaintiffs' property

causing the release of liquid propane and resulting in an explosion (*Id.*). On August 1, 2016, Defendants removed the action to this Court, the Court subsequently entered a case management order, and after completing alternative dispute resolution, the parties reached a settlement (Docs. 1, 13, 26, 39). On December 5, 2017, the Parties filed a Stipulation for Dismissal signed by all of the parties (Doc. 41). The Stipulation for Dismissal does not reference the settlement agreement or request the Court retain jurisdiction to enforce the settlement agreement (*Id.*). The Court acknowledged the stipulation and closed the case on December 7, 2017 (Doc. 42).

During the week of December 18, 2017, Mr. Avigad, Lawrence Kaplan, and Catherine Grantham (hereinafter "New Counsel") appeared in this closed action for R&R (Docs. 43-45). Mr. Kaplan and Ms. Grantham indicate in their entries of appearances that Plaintiff Richard Borman instituted this cause of action and settled the case to the detriment of R&R and its managing member, Roy Renegar (Docs. 43, 44). Sean Flaherty ("Prior Counsel") represented Plaintiffs R&R, Richard Borman and Laura Borman during the pendency of the action and remains counsel of record for Plaintiffs. On December 20, 2017, New Counsel filed the current motion on behalf of R&R (Doc. 46). On December 22, 2017, the Court entered an order setting a briefing schedule and directing New Counsel to file a memorandum on behalf of R&R addressing the Court's jurisdiction to take up the motion. In New Counsel's amended response on behalf of R&R regarding the Court's jurisdiction, counsel suggests the Court has jurisdiction over the pending motion pursuant to Federal Rules of Civil Procedure 11 and 60 (Doc. 52 at 2). New Counsel suggests that Plaintiffs "committed a fraud on the court" (*Id.*). New Counsel argues that a voluntary dismissal does not deprive a district court of jurisdiction to hear a Federal Rule of Civil Procedure 60(b) matter (*Id.* at 3).

On December 26, 2017, New Counsel filed a Motion for Co-Counsel to Produce All Settlement Related Documents (Doc. 50). On January 5, 2018, New Counsel filed a Notice of

Removal purporting to remove Case No. 17JE-CC00935, an interpleader case filed by Thurman, Howald, Weber, Senkel & Norrick, LLC pending against Roy Renegar, R&R Propane, LLC, Kimberly A. Burch f/n/a Kimberly Renegar, Richard Borman, Laura Borman, and Kaplan Associates (Doc. 53).

## II. Analysis

Generally, "federal courts do not retain authority to enforce settlement agreements unless the dismissal order states that the district court is retaining jurisdiction over the agreement or the court incorporates the terms of the agreement into an order." *Jenkins v. Kansas City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008); *Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (same). However, some circuits hold that the Court may retain jurisdiction to set aside a settlement agreement and associated judgment as a result of that settlement agreement pursuant to Federal Rule of Civil Procedure 60(b). *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6)."). *See also Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 321 (D.N.M. 2014) (listing cases from the 6th, 7th, 10th, and 11th Circuits).

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . .[or]

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(3), (6). To prevail upon a Rule 60(b)(3) motion, [Movant] must show, with

3

clear and convincing evidence, that *the opposing party* engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting [its] case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (internal quotations marks omitted) (emphasis added). Rule 60(b)(3) therefore contemplates fraud by an adverse party. Fraud by the party's own counsel or coplaintiffs, as alleged here, is properly raised under Federal Rule of Civil Procedure(b)(6). *See McKinney v. Boyle*, 404 F.2d 632, 634 (9th Cir. 1968).

Rule 60(b)(6) is the catchall provision which allows a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Jones v. Swenson*, 512 F.3d 1045, 1049 (8th Cir. 2008). Rule 60(b) relief is an extraordinary remedy which requires the moving party to demonstrate exceptional circumstances are present in order to justify intruding upon the sanctity of a final judgment. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

The Court finds that Movant R&R has not established the "exceptional circumstances" present to warrant relief. First, Defendants would be unduly prejudiced if the Court were to set aside the judgment and the settlement agreement. While litigation costs or undue delay alone do not amount to prejudice, the Court finds that Defendants were entitled, in this case, to rely on the apparent authority of the Plaintiffs. Plaintiffs represented to Defendants that they had the authority to proceed with the litigation and there is nothing on the record that would otherwise indicate an issue with that authority. Indeed, during the course of discovery, the Bormans appeared on behalf of R&R at the Rule 30(b)(6) Corporate Designee Deposition (Doc. 49 at 1). *Cf. Nat'l Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 266 (4th Cir. 1993) (plaintiff knew defendant had died within two months of his death even though the first indication on the record was nearly a year after his death). Second, the Court finds Defendants' reliance especially warranted considering the tacit authority provided by Mr. Rengar. Mr. Rengar knew about the case and never contacted counsel about the status of the litigation (Doc. 56-3 at 1-2; Doc. 56 at 4). While it appears that sometime during the

4

course of the more than yearlong action the business relationship between Mr. Rengar and the Bormans deteriorated as evidenced by the registration of a new, similar limited liability company, Borman Propane, LLC in December of 2016 by Laura Borman, this is all the more reason for Mr. Rengar to have affirmatively acted (Doc. 46-3). Third, these business disputes are best resolved in a state court action. Indeed, it appears several such actions addressing these disputes have already been filed in state court (*See* Docs. 50, 54 at 3). *See also Thurman, Howard, Weber, Senkel & Norrick, LLC v. Richard Borman, et al.*, Case No. 17JE-CC00935; *Roy Rengar, et al. v. Richard Borman, et al.,* Case No. 18JE-CC00005. Finally, despite the business dispute between Mr. Rengar and the Bormans, Mr. Rengar has failed to provide any evidence that the Bormans acted to the detriment of R&R in settling this litigation.

Movant R&R, for the first time in its Amended Jurisdictional Memorandum, also raises issues of fraud on the Court pursuant to Federal Rule of Civil Procedure 11 (Doc. 52 at 2). The Supreme Court has held that a district court "may enforce Fed. R. Civ. P. 11 even after the plaintiff has filed a notice of dismissal under Fed. R. Civ. P. 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). "Rule 11 imposes a duty on represented parties who sign papers or pleadings to conduct a reasonable inquiry of the factual and legal basis before filing such documents." *Missouri Crop, LLC v. CGB Diversified Servs.*, Inc., No. 2:15-CV-00024 ERW, 2017 WL 6450463, at *5 (E.D. Mo. Dec. 18, 2017). Failure to fulfill that general duty, more specifically enumerated in Rule 11(b), may result in sanctions. *See Shucart v. CACH, LLC,* No. 4:15CV01090 AGF, 2017 WL 528325, at *2 (E.D. Mo. Feb. 9, 2017). However, Movant R&R does not indicate what provision of Rule 11 has been purportedly violated nor makes any argument in its various briefings regarding Rule 11. Therefore, the Court finds that Rule 11 sanctions are unwarranted.

Finally, the Court will strike New Counsel's Notice of Removal as it was improperly filed within another action (Doc. 50). The Court notes that the action continues to proceed before the

state court (*See Thurman, Howard, Weber, Senkel & Norrick, LLC v. Richard Borman, et al.*, Case No. 17JE-CC00935).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Judgment and Settlement Agreement filed by attorney Joshua M. Avigad on behalf of Plaintiff R&R Propane, LLC (Doc. 46) is **DENIED.**

**IT IS FURTHER ORDERED** that the Notice of Removal filed by New Counsel (Doc. 50) is **STRICKEN**. The Clerk of Court is directed to send a copy of this Order to the Circuit Court for the County of Jefferson, Missouri.

**IT IS FURTHER ORDERED** that any remaining pending motions are **DENIED, as moot**.

Dated this 28th day of March, 2018.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE